IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARAH D. MCDANIEL, <br><br> Plaintiff, <br><br> v. <br><br> BISHOP THIEM SEPTIC TANK, INC., RONALD R. THIEM, KEVIN N. SCHRAM, and MARK CHRISTOPHER THIEM <br><br> Defendants. | CIVIL ACTION FILE NO. 3:14-cv-200-TCB <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff SARAH D. MCDANIEL ("McDaniel"), through her counsel, Stephen M. Katz, THE KATZ LAW GROUP, LLC and for her Complaint, states:

### NATURE OF THIS ACTION

1.

This is an action brought under The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* to recover unpaid overtime compensation, liquidated damages, attorneys fees, and costs.

## PARTIES

2.

McDaniel lives in the Northern District of Georgia.

3.

Bishop-Thiem Septic Tank, Inc. ("Bishop Septic") is a Georgia corporation with its principal office and place of business at 600 Ponderosa Court, Fayetteville, Georgia 30214-1453. Bishop Septic can be served by delivering a copy of the Summons and the Complaint to Kevi N. Schram, Bishop-Thiem's CEO and Registered Agent, at 260 First Manassas Mile, Fayetteville, Georgia, 30236.

4.

Bishop Septic provides septic tank servicing and cleaning in Georgia.

5.

Defendant Ronald R. Thiem ("Thiem") lives in the Northern District of Georgia and is an owner and officer of Bishop Septic. Thiem can be served by delivering a copy of the Summons and Complaint to him at 600 Ponderosa Court, Fayetteville, Georgia 30214.

6.

Defendant Kevi N. Schram ("Schram") lives in the Northern District of Georgia and is the CEO of Bishop Septic. Schram can be served by delivering a copy of the Summons and Complaint to her at

600 Ponderosa Court, Fayetteville, Georgia 30214.

7.

Defendant Mark Christopher Thiem ("Mark Thiem") lives in the Northern District of Georgia and is an owner and officer of Bishop Septic. Mark Thiem can be served by delivering a copy of the Summons and Complaint to him at 600 Ponderosa Court, Fayetteville, Georgia 30214.

8.

Thiem, Schram and Mark Thiem are involved in the day-to-day operations and has substantial operational control over Bishop Septic, including, without limitation, the policies governing McDaniel.

9.

Thiem, Schram and Mark Thiem exert substantial control over Bishop Septic's compliance with the Fair Labor Standards Act.

10.

Thiem, Schram and Mark Thiem have the power to hire and fire employees, including, without limitation, McDaniel, and individuals employed by Bishop Septic in the same capacity as McDaniel.

11.

Thiem, Schram and Mark Thiem control employee work schedules or conditions of employment including, without limitation, McDaniel, and individuals employed by Bishop Septic in the same

capacity as McDaniel.

12.

Thiem, Schram and Mark Thiem determine the rate and method of payment for employees including, without limitation, McDaniel, and individuals employed by Bishop Septic in the same capacity as McDaniel

13.

At all times relevant to this action, Thiem, Schram and Mark Thiem oversaw and had responsibility for maintaining employment records including, without limitation, employment records of McDaniel, and individuals employed by Bishop Septic in the same capacity as McDaniel.

14.

Bishop Septic maintains, and, at all times relevant hereto, maintained an office in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in Georgia.

15.

Defendants individually and collectively are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

16.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for

commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

17.

At all relevant times, individually and collectively, Defendants have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted ". . . directly or indirectly in the interest of an employer in relation to an employee. . ."

18.

As an employer engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et. seq.*

19.

Defendants, and each of them, were at all relevant times aware of the existence and requirements of the Fair Labor Standards Act, including, without limitation, the duty to pay overtime compensation and the duty to refrain from retaliation against employees who complain about violations of the Fair Labor Standards Act.

## JURISDICTION

20.

Jurisdiction over this action is conferred on this Court by Section 216(b) of the FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

## VENUE

21.

Venue is proper in the Northern District of Georgia in that all of the acts complained of took place in this judicial district.

## FACTS

22.

McDaniel was employed by Defendants or their predecessors-in-interest for approximately 26 years.

23.

McDaniel worked as a customer service representative without any overtime compensation for hours appointments worked in excess of 40 hours for any given week.

24.

At all times relevant to this action, Defendants have refused to pay McDaniel overtime compensation.

25.

McDaniel did not have discretionary authority in her position.

26.

For three years prior to while employed by Defendants as a "Septic Tank Cleaner" McDaniel has consistently worked over 40 hours per week.

27.

Defendants deliberately failed to provide McDaniel with overtime compensation for hours worked in excess of 40 hours in any given week in 2011, 2012, 2013, and 2014.

## CLAIMS FOR RELIEF

### COUNT I

### Violation of 29 U.S.C. § 216(b)

### (FLSA)

28.

McDaniel incorporates the allegations contained in paragraphs 1 through 27 of this Complaint as though the same were fully set forth at length herein.

29.

Defendants repeatedly and willfully violated the provisions of § 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing individuals, including McDaniel, engaged in commerce or in the production of goods for commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

30.

McDaniel was regularly compelled to work more than 40 hours per week but was not paid overtime compensation as required under the FLSA.

31.

McDaniel was not an exempt employee under the FLSA; thus, Defendants were required to pay them overtime compensation for all hours worked each week in excess of 40.

32.

Defendants' violations of the overtime pay requirements set forth in the FLSA were and are systematic, voluntary and willful.

33.

Defendants owe McDaniel, overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

## Count II

34.

McDaniel incorporates the allegations contained in paragraphs 1 through 33 of this Complaint as though the same were fully set forth at length herein.

35.

Within the preceding four years, Defendants, an employer subject to the provisions of the FLSA, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516 by failing to make, keep, and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

36.

McDaniel is entitled to relief shifting the burden of proof to Defendants with regard to the amount of overtime worked due to Defendants' violation of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

**WHEREFORE**, McDaniel demands relief as follows:

1. That process issue and that Defendants be served according to law;

2. An Order finding that Defendants violated the FLSA;

3. Judgment in favor of McDaniel and against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated (double) damages;

4. Pursuant to § 216(b) of the Act, judgment in favor of McDaniel and against Defendants, jointly and severally, for reasonable

attorneys fees;

5. Judgment in favor of McDaniel and against the Defendants, jointly and severally, for prejudgment interest;

6. Judgment in favor of McDaniel and and against the Defendants, jointly and severally, for all costs;

7. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R.Civ.P., **TRIAL BY JURY** on all claims on which a jury trial is available;

8. Such other, further and different relief as this Court deems appropriate.

This 30th day of December, 2014.

By: /s/ Stephen M. Katz
Stephen M. Katz
Georgia Bar No. 409065

Attorney for Sarah D. McDaniel

**THE KATZ LAW GROUP LLC**
4799 Olde Towne Parkway
Marietta, Georgia 30068-4350
Telephone: 770.988.8181
Email: smkatz@smk-law.com