## CONFIDENTIAL SETTLEMENT AGREEMENT AND FULL RELEASE

This Confidential Settlement Agreement and Full Release (the "Settlement Agreement") is made and entered into by and among **Sarah D. McDaniel** ("Former Employee"), on the one hand, and **Bishop Thiem Septic Tank, Inc., Ronald R. Thiem, Kevi Schram, and Mark Christopher Thiem** (collectively "Former Employer"), on the other hand.  Former Employee and Former Employer shall be collectively referred to as the "Parties."

**WHEREAS**, on December 31, 2014, Former Employee filed a complaint in a lawsuit asserting claims under the Fair Labor Standards Act of 1938, as amended, in the U.S. District Court for the Northern District of Georgia, Atlanta Division, styled, <u>Sarah D. McDaniel v. Bishop Thiem Septic Tank, Inc., Ronald R. Thiem, Kevin N. Schram, and Mark Christopher Thiem</u>, Case No. 3:14-cv-00200-TCB (the "Lawsuit");

**WHEREAS**, Former Employer expressly denies any and all contentions and allegations made by the Former Employee in the Lawsuit;

**WHEREAS**, to avoid the further costs, burdens, and distractions of litigation, the Parties desire and, through the execution of this Settlement Agreement, do hereby dispose of and resolve fully and completely any and all disputes, claims, issues, and differences among them, whether or not previously asserted, subject to the terms set forth hereinafter;

**NOW, THEREFORE**, in consideration of the mutual promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1.      **Persons and Entities Bound by this Settlement Agreement.**  The Parties understand and agree that the terms of this Settlement Agreement are binding upon and inure to the benefit of all of the Parties and upon all of their respective agents, representatives, successors, and assigns.

2.      **Terms of the Settlement Agreement.**   In consideration of the mutual promises, covenants, and warranties set forth herein, the Parties agree as follows:

a)      Former Employer shall pay, or shall cause to be paid, Forty Thousand Dollars ($40,000.00) to Former Employee.  This payment shall be sent to and made payable to Former Employee's counsel, Stephen M. Katz, within ten days of receipt of the court-approved Settlement Agreement signed by Former Employee.

b)      In consideration of payment referenced in Paragraph 2.a) above, Former Employee and her agents, attorneys, executors, representatives, principals, servants, heirs, administrators, indemnitors, grantors, grantees, trustees, beneficiaries, assigns, dependents, successors, transferees, assigns and any other individual and entity acting on her behalf, hereby completely release and forever discharge:  Bishop Thiem Septic Tank, Inc., Ronald R. Thiem, Kevi Thiem Schram, Mark Christopher Thiem and all of their past, present and future parent companies, subsidiaries, divisions, affiliated entities, predecessors, successors, agents, officers, directors, employees, attorneys, shareholders, partners, insurers (including, but not limited to Continental Casualty Company), insurance plans, representatives, principals, servants, heirs, executors, administrators, indemnitors, beneficiaries, and assigns from any and all claims, cross-claims, counter-claims, rights, costs, liabilities, loss of income, actual, punitive or exemplary damages, attorney's fees, costs, expenses of litigation, and compensation of any nature whatsoever, whether known or unknown, seen or unforeseen, accrued or unaccrued, fixed or contingent, liquidated or non-liquidated, which have been or could have been asserted in any federal, state or administrative forum, based upon any fact or circumstance occurring from the beginning of time through the date of this Settlement Agreement, including, but not limited to, any fact or circumstance arising out of or in any way relating to the Lawsuit or Former Employee's employment with Former Employer.

Former Employee acknowledges the released claims covered under this Paragraph include, but are not limited to, any claims arising in tort or contract; any claim based on wrongful discharge; any claim based on breach of contract; any claim based upon defamation or infliction of emotional distress; any claim for compensation, wages, liquidated damages, bonuses, or benefits; any claim for impairment of economic opportunity; and any claim arising under federal, state, or local law prohibiting race, sex, religion, age, national origin, handicap, disability, or other forms of discrimination.

Former Employee acknowledges further that the released claims include any claim that Former Employee has or has had under federal or state law, including, but not limited to eavesdropping, invasion, conversion, and violation of the Georgia Computer Systems Protection Act; the Fair Labor Standards Act of 1938, as amended; Titles II and III of the Electronic Communications Privacy Act; Title VII of the Civil Rights Act of 1964, as amended; 42. U.S.C. § 1981, 1981a; the Civil Rights Act of 1991; the Equal Pay Act; the Americans with Disabilities Act; the Age Discrimination in Employment Act; the Family and Medical Leave Act (including any reinstatement rights thereunder); the Lilly Ledbetter Fair Pay Act of 2009; the Employee Retirement Income Security Act, as amended, the Employee Polygraph Protection Act; the Worker Adjustment and Restraining Notification Act; the anti-retaliation provisions of the Sarbanes-Oxley Act or any other federal or state law regarding whistleblower retaliation; the Uniformed Services Employment and Reemployment Rights Act; any and all statutes relating to immigration.

c)      In further consideration of payment referenced in Paragraph 2.a) above, Former Employee agrees to deliver to Former Employer, through its counsel, a signed copy of this Settlement Agreement within ten days of court approval of this Settlement Agreement.

d)      The Parties agree not to seek from any of the other Parties their respective attorneys' fees, costs, expert witness fees, and any and all other expenses incurred on said Party's behalf as a result of or in connection with the Lawsuit and/or this Settlement Agreement.

e)      All Parties agree this Settlement Agreement is supported by sufficient and adequate consideration.  All Parties agree that each and every condition is material to the inducement of entering into this Settlement Agreement.

3.      **Confidentiality and Non-Disparagement.**  As a material inducement to Former Employer entering into this Settlement Agreement, and in consideration for $100 included in the payment referenced in Paragraph 2.a) above:

a)      Former Employee and her agents, attorneys, executors, representatives, principals, servants, heirs, administrators, indemnitors, grantors, grantees, trustees, beneficiaries, assigns, dependents, successors, transferees, assigns and any other individual and entity acting on its behalf agree they will not directly or indirectly disclose, publish, publicize, disseminate, or otherwise communicate to any individual or entity any term, condition or provision of this Settlement Agreement, including the settlement amount, except as expressly allowed in subsection b) and as required to comply with Paragraph 2 above.

b)      Former Employee agrees not to engage in any conduct or disseminate any information which will disparage or discredit Former Employer or any of its employees, shareholders, agents, officers, or attorneys.  This covenant includes, but is not limited to, any disparaging remarks or communications to any person concerning Former Employer, its business practices or the provision of services to its clients.

c)      In the event that, pursuant to a valid subpoena, court order, discovery request, or other valid legal process in any litigation, Former Employee's attendance, testimony, or production of documents is commanded or required which would require disclosure of the Settlement Agreement and/or any of its terms, conditions, or monetary consideration, unless prohibited or restricted by applicable law or court order, Former Employee shall promptly, and prior to responding to such subpoena, court order, discovery request, or legal process, provide Former Employer with written notice, and shall exercise reasonable efforts to attempt to maintain the confidentiality of this Settlement Agreement.

4.     **Cooperation.**   The Parties agree to execute any documents necessary to effectuate the terms and purposes of this Settlement Agreement.

5.     **Enforceability.**   Should any term or provision of this Settlement Agreement (except those contained in Paragraph 2 above) be declared invalid by a court of competent jurisdiction, the Parties agree that all of the other terms and provisions of this Settlement Agreement are valid and binding and shall have full force and effect as if the invalid portion had not been included.

6.     **Amendment and Waiver.**   This Settlement Agreement and any of its terms may be amended, modified, or waived only by the written consent of all of the Parties and/or their attorneys.   The waiver of any breach of this Settlement Agreement shall not operate nor be construed as a waiver of any similar or prior or subsequent breach of this Settlement Agreement.

7.     **Choice of Law.**   This Settlement Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Georgia in all respects, including matters of construction, validity, enforcement, and interpretation.

8.     **Construction of Settlement Agreement.**   This Settlement Agreement shall be construed as if the Parties jointly prepared it, and any uncertainty or ambiguity in this Settlement Agreement shall not be interpreted or construed against the drafter.

9.     **Contract.**   Statements and representations contained in this Settlement Agreement are to be considered contractual in nature and not merely recitations of fact.

10.     **Multiple Counterparts.**   This Settlement Agreement may be executed in identical counterparts, each of which shall constitute collectively one agreement; but in making proof of this Settlement Agreement it shall not be necessary to produce or account for more than one such counterpart bearing the signature of the Party against whom enforcement is sought.   This Settlement Agreement may be enforced via facsimile and/or e-mail copies of the signatures.

11.     **Former Employee's Representations.**   Former Employee represents and warrants she (a) owns the claims being released; (b) has not sold, assigned, or otherwise transferred to any other person or entity any interest in any claim, account, motion, demand, action, and/or cause of action she has, or may have, or may claim to have against Former Employer; and (c) has entered into and executed this Settlement Agreement of her own choice and free will and in accordance with her judgment.

12.     **Advice of Counsel.**   The Parties acknowledge and agree they have given mature and careful thought to this Settlement Agreement and have been given the opportunity to review and discuss this Settlement Agreement independently with legal counsel.

13.     **Denial of Liability.**   By executing this Settlement Agreement, neither of the Parties admits the truth of any of the claims or allegations asserted against or by her/him/it by any other Party, and the Parties in fact expressly deny any liability to any other Party, and the execution of this Settlement Agreement shall not constitute nor ever be offered by any of the Parties as an admission of any fact or allegation asserted in any lawsuit or legal proceeding except in any  proceeding initiated to enforce the terms of this Settlement Agreement.  This Settlement Agreement does not constitute an admission by any Party that he/she/it violated any law or statute and each Party specifically denies any such violation by he/she/it occurred.

14.     **Entire Agreement and Inconsistent Provisions.**   This Settlement Agreement embodies the complete agreement between the Parties, nullifies any prior agreement concerning the subject matter hereof, and cannot be varied or terminated except by the written consent of all of the Parties and/or their attorneys.

15.     **Tax Consequences.**   The Parties make no representations regarding this Settlement Agreement's tax consequences, if any, and this Settlement Agreement is enforceable regardless of same.  The Parties shall be solely responsible for any and all of their own taxes, interest, and/or penalties due and owing, if any, should any aspect of this Settlement Agreement be considered taxable to them.

16.     **No Reliance.**   In signing this Settlement Agreement, no Party has relied on or been induced to execute this Settlement Agreement by any statement, representations, agreements, or promises, whether oral or written, made by any other Party, her/its agents, employees, servants, or attorneys, or anyone else, other than the statements set forth in this Settlement Agreement.

17.     **Paragraph Headings.**   The paragraph headings utilized in this Settlement Agreement are for purposes of convenience of reference only, and shall not be used to construe, modify, alter or supplement the language following such headings.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the date set forth hereafter.

**[SIGNATURES ON NEXT PAGE AND THE FOLLOWING PAGE]**

_____

**SARA D. MCDANIEL**

Sworn to and subscribed before me
this _____ day of _____, 2015.

_____
Notary Public
My Commission Expires:_____

_____

**BISHOP THIEM SEPTIC TANK, INC.**
By:_____
Its:_____

Sworn to and subscribed before me
this _____ day of _____, 2015.

_____
Notary Public
My Commission Expires:_____

_____

**RONALD R. THIEM**

Sworn to and subscribed before me
this _____ day of _____, 2015.

_____
Notary Public
My Commission Expires:_____

**KEVI SCHRAM**

Sworn to and subscribed before me
this _____ day of _____, 2015.

Notary Public
My Commission Expires:_____

**MARK CHRISTOPHER THIEM**

Sworn to and subscribed before me
this _____ day of _____, 2015.

Notary Public
My Commission Expires:_____

4957065v.1